UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN D.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 2:24-cv-12139
District Judge Stephen J. Murphy, III
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING COUNSELS' MOTIONS TO WITHDRAW
### (ECF Nos. 11, 13)
### AND
### STAYING THE CASE UNTIL JANUARY 6, 2025

I.    Introduction

This is a social security case. Plaintiff Karen D. brings this action under 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act). (ECF No. 1). The matter has been referred to the undersigned for all pretrial

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

1

proceedings. (ECF No. 10). For the reasons below, the motions to withdraw will be GRANTED and the case will be STAYED until January 6, 2025, to give Plaintiff time to find counsel if she so chooses.

## II. Background

Plaintiff is currently represented by David M. Trentadue (Trentadue) of the Trentadue Law Group, PLC, and Bryan Konoski (Konoski) of Konoski & Partners, P.C. Trentadue appears to be local counsel and Konoski has filed all of the papers on Plaintiff's behalf to this point.

On November 1, 2024, Konoski moved to withdraw as counsel and for an extension of time for Plaintiff to file her motion for summary judgment. (ECF No. 11). The motion for summary judgment was due on November 15, 2024 (ECF No. 8) but motion deadlines were suspended by the Court on November 5, 2024. Plaintiff and Trentadue were ordered to respond to Konoski's motion by November 15, 2024. (ECF No. 12). Plaintiff did not file a response. Trentadue filed his own motion to withdraw as counsel on November 6, 2024. (ECF No. 13).

## III. Legal Standard

Determining whether counsel may withdraw is a matter left to a district court's discretion. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). When making its determination, a court considers the rules governing attorneys' professional conduct. *See id*. at 537-38. However, "[t]here are, of course, several

2

occasions when a district court ought to prohibit counsel from withdrawing." *Id*. at 538. For example, "a district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id*.

Under Michigan Rules of Professional Conduct Rule 1.7(a), "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client." There is an exception where each client consents after consultation, but only if the lawyer reasonably believes the representation will not adversely affect the attorney-client relationship.

Further, under Michigan Rules of Professional Conduct Rule 1.16(b)(5) a lawyer may withdraw from representation where "the representation will result in an unreasonable financial burden on the lawyer[.]"

IV. Discussion

In his motion, Konoski says that it is his law firm's policy to not pursue appeals of federal social security disability cases where a Plaintiff owes money through the Treasury Offset Program. If a Plaintiff carries Treasury Offset Program debt, Konoski explains, any Equal Access to Justice Act funds awarded on a successful claim would be subject to offset that debt. Therefore, Konoski's firm checks for a client's Treasury Offset Program debt before retaining the client. In this case, Plaintiff had no reported debt at the time of intake, but shortly before preparing Plaintiff's brief, counsel checked again and found that Plaintiff did in

3

fact owe money through the Treasury Offset Program. (ECF No. 11, PageID.1167-1169).

Shortly thereafter, Trentadue moved to withdraw, explaining that he filed an appearance solely to act as local counsel for Konoski. (ECF No. 13). Plaintiff has not responded to either Konoski or Trentadue's motions.

Considering that Plaintiff's debt jeopardizes counsels' ability to be paid for their work, and that Plaintiff represented that she did not owe any debt to the federal government at the time of intake (ECF No. 11, PageID.1168), the Court finds that there is good cause to allow both counsel to withdraw from representing Plaintiff in this matter. The case will also be stayed until **January 6, 2025**, to give Plaintiff time to find counsel if she so chooses. When Plaintiff obtains counsel, or when that date passes, the Court will enter a new scheduling order for the parties' motions.

If Plaintiff proceeds *pro se*, the Court encourages her to utilize the resources available to *pro se* litigants in the Eastern District of Michigan. Her attention is directed to the Representing Yourself tab on the Court's website, www.mied.uscourts.gov. The Court also suggests that *pro se* litigants seek assistance from the University of Detroit Mercy Law School Federal *Pro Se* Legal Assistance Clinic for legal assistance and the Eastern District of Michigan Clerk's Office for procedural assistance. The *Pro Se* Legal Assistance Clinic can be

reached by telephone at (313) 234-2690 or email at proseclinic@udmercy.edu. The clinic is open on Monday, Wednesday, and Friday from 1 p.m. to 5 p.m. The Clerk's Office can be reached by telephone at (313) 234-5000 and is open Monday through Friday from 8:30 am to 4:30 pm.

V. Conclusion

For the reasons stated above, Plaintiff's counsels' motions to withdraw as counsel (ECF Nos. 11, 13) are GRANTED. The case is STAYED until **January 6, 2025**, for Plaintiff to obtain counsel. When she does, or after that date has passed and she has not obtained counsel, the Court will enter a new scheduling order for the filing of the parties' motions.

SO ORDERED.

Dated: November 21, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2024.

  s/ Dru Jennings
  DRU JENNINGS
  Case Manager

5