UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN D.,[1]

     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

Case No.  2:24-cv-12139
District Judge Stephen J. Murphy, III
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

### I.     Introduction

This is a social security case.  Plaintiff Karen D. brings this action under 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act). (ECF No. 1).  The matter has been referred to the undersigned for all pretrial proceedings.  (ECF No. 10).

_____

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials.  *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

1

For the reasons that follow, the undersigned recommends that the case be dismissed for want of prosecution.

## II.    Background

As explained in the Court's order to show cause,

> On August 15, 2024, Plaintiff, through counsel, filed a complaint. (ECF No. 1).  After service on the Commissioner and the filing of the transcript, on October 15, 2024, the undersigned entered a scheduling order, setting deadlines for Plaintiff's motion for summary judgment of November 15, 2024 and the Commissioner's motion of December 16, 2024.  (ECF No. 8).  The parties later requested that the case be assigned to a district judge, (ECF No. 9), who referred it to the undersigned. (ECF No. 10).
>
> In November 2024, Plaintiff's attorneys moved to withdraw from the case for reasons that relate to Plaintiff owing money through the Treasury Offset Program that would offset any funds awarded to her and her attorneys under the Equal Access to Justice Act.  *See* ECF Nos. 11, 13.  After allowing time for briefing on the issue, the undersigned granted counsels' motions to withdraw and stayed the case until January 6, 2025, to provide Plaintiff time to find a new attorney if she chose and was able to.  (ECF No. 14).  No attorney filed an appearance on behalf of Plaintiff.  Therefore, on January 8, 2025, the undersigned entered an order lifting the stay deeming Plaintiff to be proceeding *pro se*, and entered a new scheduling order.  (ECF No. 15).  Under the new scheduling order, Plaintiff's motion for summary judgment was due by February 10, 2025.  (*Id.*).  To date, Plaintiff has not filed a motion and the time for doing so has passed.

(ECF No. 16, PageID.1188-1189).

On March 14, 2025, the Court ordered Plaintiff to show cause why her case should not be dismissed for want of prosecution.  (ECF No. 16).  The Court cautioned Plaintiff that if she did not respond by April 14, 2025, explaining why

2

she believes she is entitled to DIB and SSI benefits under the Act, the undersigned would recommend that her case be dismissed for want of prosecution.  (*Id.*).  As of the date of this order, Plaintiff has not filed a motion for summary judgment or a response to the order to show cause.

III.   Legal Standard

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."  *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).  "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Additionally, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."  E.D. Mich. LR 41.2.  However, before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal."  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

IV.   Discussion

District courts in this circuit employ four factors to determine whether a case

3

should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (cleaned up).  Here, the factors weigh in favor of dismissal.  As stated by Magistrate Judge Patricia T. Morris in a similar case involving a *pro se* Social Security claimant,

> When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation.  However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.

*Allen o/b/o B.S.A. v. Comm'r of Soc. Sec.*, No. 20-13435, 2022 WL 604167, at *2 (E.D. Mich. Feb. 8, 2022) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010)), *report and recommendation adopted*, 2022 WL 600861 (E.D. Mich. Feb. 28, 2022).

In *Allen*, the plaintiff was warned that failure to file a motion and brief may result in dismissal.  *Id.*  Nevertheless, no motion or brief was filed.  Magistrate Judge Morris found that, "[w]hile it is not clear that [the p]laintiff's failure to prosecute stems from willfulness or bad faith, I nonetheless suggest that [the

Commissioner] should not be further prejudiced by [the p]laintiff's failure to pursue his claims[,]" and that the plaintiff's "lack of participation in the case suggests that lesser sanctions would be fruitless." *Id.* (collecting cases); *see also Black v. Comm'r of Soc. Sec.*, No. 11-13651, 2012 WL 2946318, at *1 (E.D. Mich. May 22, 2012) (recommending dismissal under Rule 41(b) after order to show cause warned that failure to file a brief could result in dismissal), *report and recommendation adopted*, 2012 WL 2946289 (E.D. Mich. July 19, 2012); *Herbers v. Comm'r of Soc. Sec.*, No. CIV.A. 10-15035, 2011 WL 6941716 (E.D. Mich. Oct. 4, 2011) (same), *report and recommendation adopted*, 2012 WL 12761 (E.D. Mich. Jan. 4, 2012).

In this case, Plaintiff's motion for summary judgment was due on February 10, 2025.  Plaintiff was then given until April 14, 2025, to explain why she is entitled to benefits and she was specifically warned that the case may be dismissed if she failed to adhere to this deadline.  Plaintiff has yet to file anything.  While it is not clear that Plaintiff's failure to prosecute stems from willfulness or bad faith, the undersigned nonetheless recommends dismissal because the Commissioner should not be further prejudiced by Plaintiff's failure to pursue her claims.  And as in *Allen o/b/o B.S.A.*, Plaintiff's lack of participation in the case suggests that lesser sanctions would be fruitless.  *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a

petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"); *see also Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts.").

Based on the guidance above, the undersigned recommends that the case be dismissed for want of prosecution.  This outcome is both appropriate in this case as well as consistent with the prevailing practice throughout this Circuit.  *See, e.g.*, *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (dismissing with prejudice for failure to prosecute under 41(b)); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)).

V.    Conclusion

For the reasons stated above, the undersigned recommends that this case be

DISMISSED under Federal Rule of Civil Procedure 41(b) and Eastern District of

Michigan Local Rule 41.2 for failure to prosecute.

Dated: April 25, 2025                          s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                               United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on April 25, 2025.


                                    s/Dru Jennings
                                    DRU JENNINGS
                                    Case Manager